NOT FOR PUBLICATION

RECEIVED
OCT 05 2017
AT 8:30_____
WILLIAM T. WALSH    M
      CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAUREN HALL,

    Plaintiff,

v.

WELCH FOODS, INC., A COOPERATIVE,
THE PROMOTION IN MOTION
COMPANIES, INC.

    Defendants.

Civ. No. 17-3997

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on two motions: a Motion to Transfer brought by Defendants Welch Foods, Inc. ("Defendant Welch") and The Promotion in Motion Companies, Inc. ("Defendant PIM") (collectively "Defendants") (ECF No. 7), and a Motion to Remand brought by Plaintiff Lauren Hall ("Plaintiff") (ECF No. 16). Plaintiff opposes Defendants' Motion to Transfer. (ECF No. 12.) Defendants oppose Plaintiff's Motion to Remand. (ECF Nos. 18, 19.) The Court has decided the motions after considering the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendants' motion is granted, and Plaintiff's motion is denied.

## BACKGROUND

Plaintiff brings this putative class action on behalf of herself and all others similarly situated against Defendants Welch and PIM. Plaintiff is a citizen of New Jersey. (Compl. ¶ 11, ECF No. 1-1; Am. Compl. ¶ 14, ECF No. 11.) Defendant PIM is a New Jersey corporation with its principal place of business in New Jersey. (Compl. ¶ 14; Am. Compl. ¶ 17.) Defendant Welch

1

is a Michigan corporation with its principal executive office in Massachusetts. (Compl. ¶ 15; Am. Compl. ¶ 18.) Plaintiff's Complaint includes seven counts: (1) breach of express warranty; (2) breach of implied warranty of merchantability under N.J.S.A. 12A:2-212; (3) common law fraud under New Jersey law; (4) unjust enrichment; (5) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*; (6) violation of the Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 *et seq.*; and (7) injunctive and declaratory relief under the New Jersey Declaratory Judgments Act, N.J.S.A. 2A:16-51 *et seq.*

Plaintiff's allegations are as follows. For the last six years, Defendants have engaged in a deceptive marketing campaign to convince consumers that Welch's Fruit Snacks contain significant amounts of the actual fruits shown in the marketing and labeling of the products. (Compl. ¶ 2; Am. Compl. ¶ 2.) Defendants have also attempted to convince consumers that Welch's Fruit Snacks are nutritious and healthful to consume and more healthful than similar products. (Compl. ¶ 2; Am. Compl. ¶ 2.) Defendant PIM produces the Fruit Snacks in question, and licenses the product line using the trademarked Welch's brand. (Compl. ¶¶ 24–29; Am. Compl. ¶¶ 27–32.) The marketing relies on healthful characterizations of the products, including that the Fruit Snacks are "Made With REAL Fruit." (Compl. ¶¶ 32–34; Am. Compl. ¶¶ 35–37).

Plaintiff further alleges that, during the Class Period, Plaintiff purchased Welch's Fruit Snacks for herself and her family, relying on Defendants' representations that the Fruit Snacks contained a significant amount of the actual fruit emphasized in their marketing and labeling, were nutritious and healthful, and were more healthful than similar products. (Compl. ¶ 12; Am. Compl. ¶ 15.) However, Defendants' claims about the fruit content and nutritional qualities of the Fruit Snacks are deceptive, as the fruit content in the product is overstated, different types of fruit are used than the labeling depicts, and the Fruit Snacks contain significant amounts of added sweeteners, artificial colors, and artificial flavors. (*See generally* Compl. ¶¶ 38–54; Am. Compl.

2

¶¶ 41–57.) Plaintiff emphasizes that, after a 2015 lawsuit alleging similar misrepresentations, Defendants altered the composition and ingredient list of the Fruit Snacks, including "fruit puree" as the first ingredient as opposed to juices from concentrate. (Compl. ¶¶ 40, 43–44; Am. Compl. ¶¶ 43, 46–47.) Nevertheless, Plaintiff asserts the products remain misbranded and the marketing and labeling remain misleading. (Compl. ¶¶ 40, 43–44; Am. Compl. ¶¶ 43, 46–47.)

Plaintiff originally brought this action in New Jersey Superior Court. (*See* Compl.) Defendants Welch and PIM removed the case to this Court pursuant to jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332. (Defs.' Notice of Removal, ECF No. 1.) Shortly thereafter, Defendants filed a Motion to Transfer the action to federal district court in the Eastern District of New York ("EDNY"), arguing that Plaintiff's action was essentially the same litigation as a nationwide class action filed in the EDNY in 2015, evidenced by substantially similar complaints and overlapping plaintiff's counsel. (Defs.' Mot. Transfer, ECF No. 7.) In response, Plaintiff notified the Court of her intent to amend her complaint to clarify the nature of the class and move to remand the action back to New Jersey State Court. (ECF No. 9.) Plaintiff then filed an amended complaint. (Am. Compl., ECF No. 11.) In an effort to divest this Court of jurisdiction under CAFA, the amended complaint altered the definition of the putative class from "all persons in New Jersey who purchased Defendants' Products during the Class Period" (Compl. ¶ 59) to "all citizens of New Jersey who purchased Defendants' Products in New Jersey during the Class Period" (Am. Compl. ¶ 62). Plaintiff then filed a motion to remand to New Jersey State Court. (ECF No. 16.)

## LEGAL STANDARDS

### I. Motion to Remand

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. § 1441(a), (b). The federal court must have

3

subject matter jurisdiction over the action. 28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the action arises between citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332. Under CAFA, federal district courts have "'original jurisdiction of any civil action' in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members ('numerosity requirement')." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013)).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). The party that removed the case bears the burden of establishing federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006). To determine whether jurisdiction is met under CAFA, "a court evaluates allegations in the complaint and a defendant's notice of removal." *Judon*, 773 F.3d at 500. Under CAFA, "class member citizenship may be determined even after the time-of-filing," including "'as of the date of the filing of the complaint or amended complaint . . . .'" *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009) (quoting 28 U.S.C. § 1332(d)(7)).

"[O]nce jurisdiction has been established, the burden shifts to the party seeking remand to show that an exception requiring remand . . . applies." *Gallagher v. Johnson & Johnson Consumer Cos., Inc.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (citing *Kaufman*, 561 F.3d at 153).

4

CAFA includes two mandatory exceptions from federal jurisdiction which require remand. 28 U.S.C. § 1332(d)(4)(A), (B).

> Subsection (A), the 'local controversy' exception, may apply when at least one significant defendant and more than two-thirds of the members of the putative classes are local. Subsection (B), the 'home-state' exception, may apply when the primary defendants and at least two-thirds of the members of the putative classes are local.

*Kaufman*, 561 F.3d at 149; *see also Vodenichar v. Halcón Energy Props., Inc.*, 733 F.3d 497, 503–04 (3d Cir. 2013). CAFA also gives district courts discretion to decline jurisdiction under a totality of the circumstances balancing test, considering statutorily enumerated factors. *See* 28 U.S.C. § 1332(d)(3). "If the balance of factors suggests that the dispute is local, the court may exercise its discretion to remand." *Dicuio v. Brother Int'l Corp.*, 2011 WL 5557528, at *2 (D.N.J. Nov. 15, 2011).

II. <u>Motion to Transfer</u>

A court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). Courts may consider any number of relevant factors that affect the "private and public interests protected by the language of § 1404(a)," including those not specifically enumerated in the statute. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995) (listing private interests such as the plaintiff's choice of forum, defendant's forum preference, where the claim arose, convenience of the parties, convenience of the witnesses, and location of books and records and public interests such as enforceability of a resulting judgment, practical considerations for judicial efficiency, administrative difficulties, public policies of the fora, and the trial judge's familiarity with state law in diversity actions). The burden of "establishing the need for transfer . . . rests with the movant . . . ." *Id.* at 879.

The Third Circuit applies the first-to-file (or "first-filed") rule: "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). This rule allows federal district courts to "enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *Id.* The rule promotes comity, encourages judicial efficiency, avoids burdening the federal judiciary with duplicative litigation, and prevents "the judicial embarrassment from conflicting judgements." *Catanese v. Unilever*, 774 F. Supp. 2d 684, 687 (D.N.J. 2011) (internal quotations and citations omitted). The rule is "grounded on equitable principles," *EEOC*, 850 F.2d at 977, and a court in its discretion may decline to apply it for a number of reasons, including when the litigation presents "extraordinary circumstances, inequitable conduct, bad faith, and forum shopping . . . ." *Catanese*, 774 F. Supp. 2d at 687 (citing *EEOC*, 850 F.2d at 976); *see also Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016).

## ANALYSIS

Although Defendants' Motion to Transfer was filed prior to Plaintiff's Motion to Remand, the Court will first consider the Motion to Remand because it requires determining whether the Court has federal subject matter jurisdiction in the first instance and, thus, granting the Motion to Remand would render the Motion to Transfer moot.

I. Motion to Remand

A. Removal Was Proper Under CAFA

The parties do not dispute that all three of CAFA's threshold jurisdictional requirements are satisfied here. Minimal diversity of citizenship exists between the parties, as Plaintiff is a citizen of New Jersey and Defendant Welch is incorporated in the state of Michigan and has its principal place of business in Massachusetts. (Compl. ¶¶ 11, 15; Am. Compl. ¶¶ 14, 18.) The

6

Court is persuaded that a fair reading of the Complaint and Defendants' briefing papers sufficiently establish that the amount in controversy exceeds $5,000,000 based on the definition of the class under either the Complaint or Amended Complaint and the gross sales of the products in question in New Jersey during the period specified. *See Dicuio v. Brother Int'l Corp.*, 2011 WL 5557528, at *3 (D.N.J. Nov. 15, 2011) ("[T]he Third Circuit has held that an uncabined damage request coupled with a statement in the Notice of Removal that the aggregated damages exceed $5 million, like that found here, is sufficient to establish the amount in controversy for CAFA purposes." (citing *Kaufman*, 561 F.3d at 151)). Finally, the putative class, defined according to either the Complaint or Amended Complaint, satisfies CAFA's requirement of at least 100 members, again based on sales figures and the undisputed assertions of the parties. (*See* Compl. ¶ 60; Am. Compl. ¶ 63; Defs.' Notice of Removal ¶ 21.) The question remains whether either of the mandatory exceptions delineated in CAFA or the discretionary balancing permitted under the totality of the circumstances assessment warrants remand.

B. The Operative Complaint at the Time of Removal Governs CAFA Jurisdiction

The threshold question on the Motion to Remand is the operative time for defining a proposed class removed on the basis of CAFA jurisdiction. This question of who is in the class must be answered before conducting the substantive inquiry—what is their citizenship—required by the mandatory home state exception. Plaintiff argues the class members' citizenship should be based on her Amended Complaint, filed post-removal, which altered the makeup of the class from "persons in New Jersey" to "citizens of New Jersey." (Pl.'s Mot. Remand at 4–5, ECF No. 16.) Defendants counter that a complaint amended after removal which changes the nature or scope of the class should have no bearing on the jurisdictional question. (Defs.' Mem. Opp'n to Pl.'s Mot. Remand at 10–16, ECF No. 18.) Defendants argue the operative complaint at the time of removal (the original Complaint) and Defendants' moving papers govern. (*Id.*)

Plaintiff's argument depends on a broad reading of the Third Circuit's decision in *Kaufman*, which applied the CAFA local controversy exception based on "defendants presently in the action," not those sued in the original complaint. *Kaufman*, 561 F.3d at 153. *Kaufman* does not speak directly to the issue before the Court: whether a district court may consider a complaint amended post-removal which alters the definition or makeup of the class itself. In a more recent opinion, the Third Circuit considered whether a district court erred in remanding a mass action removed under CAFA, seeming to reaffirm the time-of-removal rule. The Court explained, "Plaintiffs' conduct undertaken after filing the Complaint is certainly relevant, as long as that conduct occurred prior to removal." *Ramirez v. Vintage Pharm., LLC*, 852 F.3d 324, 331 (3d Cir. 2017); *id.* at 331 n.3 ("Of course, we ordinarily examine the case at the time the complaint was filed . . . unless subsequent developments are what triggered removal . . . ." (citing *Standard Fire Ins. Co.*, 566 U.S. at 593–94; 28 U.S.C. § 1446(b)(3))).

Other circuits increasingly trend toward the traditional time-of-filing rule in the CAFA context. *See, e.g.*, *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277–79 (9th Cir. 2017) (collecting cases). Courts in the Third Circuit agree. *See, e.g.*, *Haley v. AMS Servicing, LLC*, 2014 WL 2602044, at *6 (D.N.J. June 11, 2014) ("CAFA jurisdiction is determined at the time of removal . . . ."); *Schwartz v. Comcast Corp.*, 2005 WL 1799414, at *3 (E.D. Pa. July 28, 2005) ("I will determine whether federal subject matter jurisdiction exists in this case according to the allegations set forth in Schwartz's original complaint. Schwartz's attempt to 'clarify' the definition of the proposed class in his amended complaint and thus eliminate diversity jurisdiction will not by itself defeat subject matter jurisdiction."). Accordingly, the Court will not consider the Amended Complaint's proposed class definition. The operative complaint at the time of removal defined the class as "persons in New Jersey," and that definition governs the applicability of the home state exception.

## C. Remand Is Not Warranted Under Any CAFA Exception

The home state exception to CAFA jurisdiction requires the party seeking remand to:

> (1) establish that the citizenship of the members of two-thirds or more of the putative class is the state in which the action was originally filed; (2) establish the citizenship of the defendants; (3) identify the primary defendants; and (4) demonstrate that two-thirds or more of the members of the putative class are citizens of the same state as the primary defendants.

*Vodenichar*, 733 F.3d at 503–04. Defendants do not dispute the citizenship of the defendants or that only PIM, a New Jersey citizen, is the primary defendant. (*See* Defs.' Mem. Opp'n to Pl.'s Mot. Remand at 10–16.) They only dispute whether two-thirds of the members of the putative class are citizens of the same state as the primary defendants—here, New Jersey. (*Id.* at 19–25.)

It is Plaintiff's burden to establish by a preponderance of the evidence that at least two-thirds of the putative class members are New Jersey citizens, meaning domiciled in New Jersey. *See, e.g., Vodenichar*, 733 F.3d at 503, 504 n.2 (citing *Kaufman*, 561 F.3d at 153–54); *Lee v. Cent. Parking Corp.*, 2015 WL 4510128, at *16 (D.N.J. July 24, 2015) ("Having failed to define the class as New Jersey citizens, Plaintiff bears the burden of supplying evidence that two-thirds of the putative class members are New Jersey citizens in order for remand to be mandatory."); *Dicuio v. Brother Int'l Corp.*, 2011 WL 5557528, at *3–4 (D.N.J. Nov. 15, 2011) (collecting cases). Plaintiff has not met this burden. Plaintiff argues "it would be simply preposterous" for more than one-third of New Jersey purchasers of Fruit Snacks products during the class period to live outside of New Jersey. (Pl.'s Mot. Remand at 6.) This argument is based on supposition, not evidence. Since Plaintiff has provided no evidence to establish the citizenship of the putative class as defined in the Complaint, remand is inappropriate under the mandatory home state exception to CAFA jurisdiction.

Plaintiff does not argue that CAFA's mandatory local controversy exception applies to this action. Plaintiff argues as a fallback that the discretionary totality of the circumstances

9

analysis permitted under CAFA warrants remand. *See* 28 U.S.C. § 1332(d)(3). The Court disagrees, as the balance of factors suggests this dispute is not truly local. Plaintiff failed to plead the original Complaint in a manner that would avoid federal jurisdiction. The claims here involve matters of national interest as the product line in question has national reach and distribution. Finally, as discussed below, in the three years before this action was filed, Plaintiff's counsel filed another class action asserting almost identical claims on behalf of a putative nationwide class which encompasses the putative class here. Plaintiff's Motion to Remand is denied.

II. Motion to Transfer

Defendants argue this action should be transferred to the EDNY because existing litigation there (*Atik v. Welch Foods Inc. et al*, Civ. No. 15-5405 (E.D.N.Y. 2015)) covers Plaintiff's claims. As a preliminary matter, pursuant to 28 U.S.C. § 1404, this Court has determined that the EDNY is a forum in which the action could have originally been brought because that court has subject matter jurisdiction under CAFA, venue is proper there, and Defendants are subject to personal jurisdiction there. (*See* Defs.' Mem. Mot. Transfer at 12.)

Plaintiff and Defendant dispute whether the private and public interest factors favor transfer. A detailed analysis of these factors, however, is not required here. In light of the Third Circuit's first-to-file rule and the pendency of substantially similar litigation in the EDNY, the Court is persuaded that this action should be transferred. *See, e.g., Catanese*, 774 F. Supp. 2d at 690 ("This factor alone favors transfer." (citing *Am. Inst. for History Educ., LLC v. E-Learning Sys. Int'l LLC*, 2010 WL 4746233, at *3 (D.N.J. Nov. 16, 2010) ("Courts in this Circuit have frequently held that the pendency of a related or similar case in another forum is a powerful reason to grant a motion for a change of venue."))).

"For the first-to-file rule to apply, there must be a 'substantial overlap' between the two actions, but the issues and parties involved need not be identical." *Maximum Human*

*Performance, Inc. v. Dymatize Enters., Inc.*, 2009 WL 2778104, at *3 (D.N.J. Aug. 27, 2009) (collecting cases), *report and recommendation adopted*, 2009 WL 2952034 (D.N.J. Sept. 14, 2009). Although the causes of action in the New York litigation arise under different state law (there, New York and California; here, New Jersey), the nature of the claims and issues, the relief sought, the products in question, and the defendants all substantially overlap.[1] Moreover, the putative nationwide class in the New York action encompasses the putative New Jersey class. The New York action was filed first (in September 2015), and will continue regardless of what this Court decides. *See Catanese*, 774 F. Supp. 2d at 690 ("To permit this case to continue in New Jersey while an identical cause of action proceeds in California involving the same issues and overlapping class members would be an inefficient use of judicial resources. Transfer will promote judicial efficiency, economy and consistency of results."). Finally, Plaintiff's New Jersey filing evidences exactly the kind of forum shopping and judicial inefficiencies that CAFA was designed to prevent. Plaintiff cannot maintain essentially the same litigation in two separate district courts, creating unnecessary burdens on the courts and risking the inefficiency and embarrassment of conflicting judgments. This action shall be transferred to the EDNY.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Transfer is granted. Furthermore, Plaintiff's Motion to Remand is denied. An appropriate order will follow.

Date: Oct 4, 2017

ANNE E. THOMPSON, U.S.D.J.

---

[1] Plaintiff argues that some claims in the New Jersey action relate to a 2015 reformulation of the products which happened after the New York action had already been filed; therefore, the issues do not substantially overlap in the two lawsuits. (Pl.'s Mem. Opp'n to Defs.' Mot. Transfer at 11, ECF No. 12.) Defendants dispute this timeline of events, suggesting that the reformulation happened one month prior to the filing of the New York action. (Def.'s Reply Mem. Mot. Transfer at 6–7, ECF No. 19.) Regardless, the Court finds the substantial overlap standard is met.