```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LAUREN HALL, on behalf of herself and others  :
similarly situated,                           :
                                              :
                        Plaintiff,            :          **MEMORANDUM & ORDER**
                                              :
           -against-                          :          17 Civ. 5828 (MKB) (VMS)
                                              :
WELCH FOODS, INC., A COOPERATIVE and          :
THE PROMOTION IN MOTION COMPANIES,            :
INC.,                                         :
                                              :
                        Defendants.           :
                                              :
------------------------------------------------------------ x
```

**Scanlon, Vera M., United States Magistrate Judge:**

Plaintiff Lauren Hall commenced this action in New Jersey Superior Court against Defendants Welch Foods, Inc., A Cooperative ("Welch"), and The Promotion In Motion Companies, Inc. ("PIM") (together, "Defendants"), asserting claims under New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq.; under New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-15 et seq.; and for breach of express and implied warranties, common law fraud, unjust enrichment and injunctive and declaratory relief. Defendants removed the action from New Jersey Superior Court to the United States District Court for the District of New Jersey ("New Jersey District Court"), which then transferred the case to this judicial district in light of its substantial overlap with an action already pending in this Court, Atik v. Welch Foods Inc., No. 15 Civ. 5405 (MKB) (VMS) (hereinafter, the "Atik Action"). Presently before the Court is Defendants' motion to retransfer this action to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a), in light of unanticipated post-transfer events–namely, the dismissal of the Atik Action. For the reasons set forth below, Defendants' motion is granted.

1

**I.     BACKGROUND**

Defendants produce, market and package gummy fruit snacks ("Welch's Fruit Snacks"). Am. Compl. ¶¶ 17-19, ECF No. 11.  Defendant PIM is a New Jersey corporation with its principal place of business in New Jersey.  Id. ¶ 17.  Defendant Welch is a Michigan corporation with its principal executive office in Massachusetts.  Id. ¶ 18.

Plaintiff Lauren Hall, a citizen of New Jersey, brings this action on behalf of herself and a putative class of all citizens of New Jersey who purchased Welch's Fruit Snacks in New Jersey during the six years preceding the complaint.  Id. ¶ 62.  Plaintiff alleges that Defendants have engaged in a deceptive marketing campaign to convince consumers that Welch's Fruit Snacks contain significant amounts of the fruits pictured in the marketing and labeling of their products, are nutritious and healthful to consume, and are more healthful than similar products.  Id. ¶ 2.  Relying on Defendants' representations, Plaintiff and other reasonable consumers purchased Welch's Fruit Snacks with the belief that they contained significant amounts of the fruits depicted and were nutritious.  Id. ¶¶ 12, 39.  Plaintiff alleges that contrary to these representations, Welch's Fruit Snacks "are no more healthful than candy" and contain only minimal amounts of the fruits depicted on the packaging.  Id. ¶ 4.

After Plaintiff originally filed this action in New Jersey Superior Court, see generally Compl., ECF No. 1-1, Defendants removed the case to the New Jersey District Court based on federal subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332.  See Defs.' Notice of Removal, ECF No. 1.  After removal, Defendants then moved to transfer the action to this Court on the basis that it was essentially the same litigation as the Atik Action, a putative nationwide class action filed in 2015 against Defendants Welch and PIM concerning Welch's Fruit Snacks.  See Defs.' Original Transfer Motion, ECF No. 7.

Case 1:17-cv-05828-MKB-VMS   Document 61   Filed 06/08/18   Page 3 of 8 PageID #: 977

Plaintiffs in the Atik Action, Aliza Atik and Winnie Lau, brought claims on behalf of themselves and a putative class of all persons in the United States who purchased Welch's Fruit Snacks during the six years preceding the complaint.[1]  They were represented in that action by attorneys with the Richman Law Group, who serve as co-counsel to counsel for Plaintiff Lauren Hall in this case.

The New Jersey District Court granted Defendants' transfer motion on October 5, 2017, finding that the Atik Action involved "almost identical claims on behalf of a putative nationwide class which encompasses the putative class here."  D.N.J. Transfer Opinion 10, ECF No. 22.  The New Jersey District Court was persuaded that the action should be transferred "[i]n light of the Third Circuit's first-to-file rule and the pendency of substantially similar litigation in the EDNY."  Id.; see also id. at 6, 10 (explaining that the first-to-file rule allows federal district courts to "enjoin the prosecution of proceedings involving the same parties and the same issues already before another district court" and is applicable where there is "substantial overlap" between the two actions (internal quotation marks omitted)).  Thus, the court held that transfer was appropriate because "Plaintiff cannot maintain essentially the same litigation in two separate district courts, creating unnecessary burdens on the courts and risking the inefficiency and embarrassment of conflicting judgments."  Id. at 11.

After the case was transferred, Defendants filed a motion to consolidate this case with the Atik Action, ECF No. 32, which was granted by District Judge Margo K. Brodie.  See 10/20/2017 ECF Dkt. Entry.  Soon thereafter, one of the two plaintiffs in the Atik Action, Winnie Lau, voluntarily dismissed her individual and putative class claims.  See Lau Stipulation

---

[1] In addition to the nationwide class, Plaintiff Atik sought to represent a New York subclass and Plaintiff Lau sought to represent a California subclass.

of Dismissal, Atik Action, ECF No. 66.  The following month, the other plaintiff, Aliza Atik, voluntarily dismissed her individual and putative class claims, thereby disposing of the case in its entirety.  See Atik Stipulation of Dismissal, Atik Action, ECF No. 68.

Defendants move this Court to transfer this action back to the New Jersey District Court, arguing that the dismissal of the Atik Action changed the circumstances under which the case was transferred, such that the original purpose of the transfer has been frustrated.  See Defs.' Motion, ECF No. 50.  Plaintiff opposes Defendants' motion, arguing that Defendants failed to set forth sufficient grounds for retransfer and that Plaintiff would be prejudiced by the delay caused by a retransfer.  See Pl.'s Opp, ECF No. 51.

## II. DISCUSSION

As a preliminary matter, a motion to transfer venue under 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter, which is within the authority of a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).  See, e.g., Hashmi v. Etihad Airways P.J.S.C., No. 16 Civ. 4566 (PKC) (RLM), 2016 WL 6916942, at *1 (E.D.N.Y. Nov. 11, 2016); Shenker v. Murasky, No. 95 Civ. 4692 (NG) (RML), 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996).  Accordingly, the Court will determine this motion by Order.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought . . . ."  28 U.S.C. § 1404(a).  District courts have broad discretion in determining whether transfer is warranted and typically consider both the convenience of the parties and various public-interest considerations.  See Blechman v. Ideal Health, Inc., 668 F. Supp. 2d 399, 403 (E.D.N.Y. 2009) (listing private interests such as the plaintiff's choice of forum, the locus of operative facts, convenience of the parties and witnesses, and ease of access to sources of proof, and public

interests, such as trial efficiency, calendar congestion, and the desirability of having the case tried by the forum familiar with the substantive law to be applied); see also Zaltz v. JDATE, 952 F. Supp. 2d 439, 459 ("[T]here is no strict formula for the application of these factors, and no single factor is determinative."). The party seeking transfer "bears the burden of showing that transfer is warranted . . . ." EasyWeb Innovations, LLC v. Facebook, Inc., 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).

"Motions to retransfer an action back to the transferor court are generally looked upon with disfavor." Russel v. IU Intern, Corp., 685 F. Supp. 172, 175 (N.D. Ill. 1988). A transferee court should accept the original transfer decision as the law of the case, and an action "should not be transferred to the transferor court except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous." Anghel v. N.Y. State Dep't of Educ., No. 15 Civ. 5914 (SFJ) (SIL), 2015 WL 7302250, at *2 (E.D.N.Y. Nov. 18, 2015) (internal quotation marks omitted). "Impelling and unusual circumstances exist when unanticipatable post-transfer events frustrate the original purpose of transfer." Id.; see Koehring Co. v. Hyde Constr. Co., 382 U.S. 362, 365 (1996) (noting the right of litigants "to apply . . . to have [their] case transferred back to [its original forum] because of changed conditions"); 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure (4th ed.) § 3846 (2015) ("A motion to retransfer is perfectly appropriate . . . upon a showing of changed circumstances, particularly when such development would frustrate the purpose of the change of venue.").

"Courts have found that where a case has been transferred to another district for consolidation and no consolidation occurs, this can create an unanticipated change of circumstances justifying retransfer." Dewan v. M-I, L.L.C., No. 14 Civ. 1151 (AWI) (MJS), 2015 WL 3797462, at *6 (E.D. Cal. June 18, 2015) (retransferring to original jurisdiction when

5

the "potential for judicial efficiency that was originally intended in transferring" was frustrated because the intended consolidation did not occur); Scarborough v. Nat'l Ass'n of Sur. Bond Producers, 474 F. Supp. 2d 64, 73 (D.D.C. 2007) (where "consolidation for trial was the linchpin upon which transfer was apparently predicated" but was no longer being considered, the "current circumstances no longer warrant having this action before this Court" (internal quotation marks & alterations omitted)); Russel, 685 F. Supp. at 175 (where the original transfer decision "left no question" that the case was transferred so that the parties would have an opportunity to consolidate, but it became clear that no such consolidation would occur, the original purpose of the transfer was frustrated, creating an unanticipated change of circumstances justifying retransfer).

  Thus, although "it is not appropriate for a transferee court to make an independent determination as to the propriety of the transfer of a case . . . [t]his rule does not apply where the circumstances under which the transfer was made have changed."  Dewan, 2015 WL 3797462, at *5 (citing Russel, 685 F. Supp. at 175); see In re Cragar Indus., 706 F.2d 503, 505 (5th Cir. 1983) ( "[W]hen . . . post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court"); Hicks v. T.L. Cannon Mgmt. Corp., No. 13 Civ. 642 (TJM), 2013 WL 4508440, at *3 (N.D.N.Y. Aug. 23, 2013) ("Under the doctrine of comity, respect for the decisional law of a sister court, and the necessity of accepting the law of the case, this Court will not reconsider [the original transfer decision], but instead will analyze whether, under the facts as they exist at this time, the matter should be transferred back" to the transferor court. (emphasis in original)).

  Here, the original transfer opinion left no question that the New Jersey District Court's

6

decision to transfer the case was based on its substantial overlap with the then-pending Atik Action. See D.N.J. Transfer Opinion 10-11 (noting that a detailed analysis of the private and public factors that courts generally consider was not required, as the pendency of a related or similar case in another forum alone favors transfer). As the court held, litigating the case in New Jersey while the Atik Action was being litigated in the Eastern District of New York would create "unnecessary burdens on the courts and risk[] the inefficiency and embarrassment of conflicting judgments." Id. at 11. The dismissal of the Atik Action less than three months after the Hall transfer has mooted those concerns and created a change of circumstances that justifies transferring this case back to the District of New Jersey.

Plaintiff argues that Defendants have failed to identify any of the "grounds or special circumstances upon which a court may consider an issue previously determined in an earlier stage of the same litigation.'" Pl.'s Opp. 5, ECF No. 51 (quoting Washington Nat. Life Ins. Co. of New York v. Morgan Stanley & Co. Inc., 974 F. Supp. 214, 218-19 (S.D.N.Y. 1997)). As noted above, the Court's decision to retransfer is not based on a reconsideration of or disagreement with the original transfer decision, but rather unanticipated changed circumstances that arose after transfer. The inefficiencies that dual litigation would have created and that the New Jersey District Court identified no longer exist.

Instead, the public and private interests weigh clearly in favor of transferring this case back to the New Jersey District Court, Plaintiff's original choice of venue. See Dewan, 2015 WL 3797462, at *6 ("In determining whether a case should be retransferred, some courts have also considered whether a transfer would prejudice the parties and the private and public interests implicated by a transfer of venue."). Plaintiff is a New Jersey citizen bringing claims, many of which arise under New Jersey law, on behalf of a putative class of New Jersey citizens who

7

purchased Welch's Fruit Snacks in New Jersey.  Defendant PIM is a New Jersey corporation with its principal place of business in New Jersey.  Most of Plaintiff's evidence, including witnesses, is likely to be located in New Jersey, as well as the evidence and witnesses of at least one Defendant, PIM.  The court in New Jersey has greater familiarity with the law of New Jersey than does this Court located in New York.

In light of the dismissal of the Atik Action, New York has no relationship to the Parties or to the events underlying this suit.  New Jersey, on the other hand, has a strong relationship with the suit.  This Court has not substantively ruled on any aspect of the case so there would be no loss of judicial knowledge with the transfer.  A change in venue would not delay these proceedings.  The Parties have been conducting, and can continue to conduct, discovery.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion is granted.  The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of New Jersey in accordance with the procedures set forth in Local Civil Rule 83.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  Decisions on the discovery motions docketed at ECF Nos. 55 and 57 are reserved for the transferee court.

**SO ORDERED.**

Dated: Brooklyn, New York
       June 8, 2018

*Vera M. Scanlon*
Vera M. Scanlon
United States Magistrate Judge